IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.:

MICHAEL DUNSAVAGE, on behalf of himself
and all other similarly situated,

  Plaintiff,

vs.

ALOHA POOL SERVICES, INC., a Florida
Profit Corporation, MICHAEL A. FOLZ,
individually, and PAMELA M. FOLZ,
individually, jointly, and severally,

  Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, MICHAEL DUNSAVAGE, ("Mr. Dunsavage" or "Plaintiff") on behalf of himself, and all other similarly situated, files this Collective Action Complaint against Defendants, ALOHA POOL SERVICES, INC., a Florida for-profit corporation, (hereinafter "AP"), MICHAEL A. FOLZ, (hereinafter "M. FOLZ"), and PAMELA M. FOLZ, (hereinafter "P. FOLZ") (collectively "Defendants"), and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

2. Plaintiff seeks class-wide relief on behalf of himself, and all other similarly situated employees, who were subjected to Defendants' common and illegal pay practices and policies of failing to pay their employees overtime compensation for hours worked over forty (40) per week,

simply because such employees were salaried, without regard to whether such employees, regardless of being salaried, were non-exempt employees under the FLSA.

3. Plaintiff seeks conditional certification of the following class:

> Any and all non-exempt salaried employees who worked for Defendants during the relevant limitations period who were not paid full and proper overtime compensation for hours worked over forty (40) per workweek.

## JURISDICTION

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

5. At all times pertinent to this Complaint, the corporate Defendant, AP was an enterprise engaged in interstate commerce.

6. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

7. Defendants operated a pool service. Plaintiff's work, and the work of the purported class members, involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

8. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

9. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

10. The Defendants are also subject to the jurisdiction of this Court because they

operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

11. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and

    b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

12. At all times material hereto, Plaintiff, was and continues to be a resident of Pompano Beach, Broward County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

13. Plaintiff filed his Consent to Become Party Plaintiff in this action. *See* attached as *Exhibit A*.

14. At all times material hereto, corporate Defendant, AP, was conducting business in Fort Lauderdale, Broward County, Florida, with its principal place of business in that city.

15. At all times material hereto, Defendants, AP, M. FOLZ, and P. FOLZ were the employers of Plaintiff and the purported class members he seeks to represent.

16. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

17. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, and all similarly situated class members his/their lawfully earned overtime wages in conformance with the FLSA.

18. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

19. At all times material hereto, corporate Defendant, AP was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

20. At all times material hereto, the work performed by Plaintiff, and the purported class members, was directly essential to the business performed by Defendants.

21. Plaintiff fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

22. Plaintiff worked for Defendants as a pool technician at the Defendants' pool service company. His employment ended on or about October 4, 2019.

23. Plaintiff, and all other similarly situated class members, were paid a weekly salary, and regularly worked overtime compensation, but Defendants manipulated their payroll documents to purport to pay overtime compensation when such was not, and is not, properly paid.

24. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff and all similarly situated class members.

25. Defendants, M. FOLZ and P. FOLZ were supervisors and/or manager/owners who were involved in the day-to-day operations and/or were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

26. Defendants, M. FOLZ and P. FOLZ were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff and all other similarly situated class

members.

27. Plaintiff has retained Richard Celler Legal, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)**

28. Plaintiff repeats and realleges Paragraphs 1 through 27 as if fully set forth herein.

29. Plaintiff's employment, and the employment of all similarly situated class members, with Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

30. During Plaintiff's employment, Plaintiff, and all other similarly situated class members, worked hours in excess of forty (40) per week for which he/they were not compensated at the statutory rate of time and one-half for all of his/their hours. Plaintiff, and all other similarly situated class members, was/were entitled to be paid at the rate of time and one-half for all his/their hours worked in excess of the maximum hours provided for in the FLSA.

31. Records, if any, concerning the number of hours worked by Plaintiff and all similarly situated class members, and the actual compensation paid to Plaintiff, and all similarly situated class members, are in the possession and custody of the Defendants.

32. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, and all other similarly situated class members, at the statutory rate of time and one-half for all the hours he/they worked in excess of forty (40) hours per week when they knew or should have known such was due.

33. Defendants failed to properly disclose or apprise Plaintiff and all other similarly situated class members of his/their rights under the FLSA.

34. Prior to violating the FLSA, Defendants did not consult with an attorney to evaluate whether Plaintiff's and all other similarly situated class members' actual job duties and pay structure rendered him/them exempt from recovering payment for all overtime worked under the FLSA.

35. Prior to violating the FLSA, Defendants did not consult with the DOL to evaluate whether Plaintiff's and all other similarly situated class members' actual job duties and pay structure rendered him/them exempt from recovering payment for all overtime worked under the FLSA.

36. Prior to violating the FLSA, Defendants did not consult with an accountant to evaluate whether Plaintiff's and all other similarly situated class members' actual job duties and pay structure rendered him/them exempt from recovering payment for all overtime worked under the FLSA.

37. Based on the allegations in Paragraphs 33-35 above, Plaintiff and all other similarly situated class members is/are entitled to liquidated damages as Defendants have no objective or subjective good faith belief that their pay practices were in compliance with the FLSA.

38. Defendants have been sued for similar, if not identical overtime violations in the past.

39. Due to the willful and unlawful actions of the Defendants, Plaintiff, and all other similarly situated class members, has/have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

40. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, DUNSAVAGE respectfully requests that judgment be entered in his favor against the Defendants:

    b.    Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

    c.    Conditionally certifying a class of all other similarly situated individuals who were subjected to the common and illegal pay practices of Defendants, giving rise to this lawsuit.

    d.    Awarding Plaintiff and all other similarly situated class members, overtime compensation in the amount calculated;

    e.    Awarding Plaintiff and all other similarly situated class members liquidated damages in the amount calculated;

    f.    Awarding Plaintiff and all other similarly situated class members reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    g.    Awarding Plaintiff and all other similarly situated class members post-judgment interest; and

    h.    Ordering any other and further relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff further demands a jury trial on all issues so triable as of right.

Dated this 7th day of October 2019.

                          Respectfully submitted,

                          */s Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Trial Counsel for Plaintiff*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

MICHAEL DUNSAVAGE, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

ALOHA POOL SERVICES, INC., a Florida
for-profit corporation, MICHAEL A.
FOLZ, and PAMELA M. FOLZ,

    Defendant.

_____/

**CONSENT TO BECOME PARTY PLAINTIFF**

I, _Michael Dunsavage_ consent to become the party plaintiff in the above-styled Lawsuit.

Date: October 7, 2019

Signature: _/s/ Michael Dunsavage_

Print: _Michael Dunsavage_