UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 0:19-cv-62509-AOV

**MICHAEL DUNSAVAGE, on behalf of himself
and all other similarly situated,**

    **Plaintiff,**

vs.

**ALOHA POOL SERVICES, INC., a Florida
Profit Corporation, MICHAEL A. FOLZ,
individually, and PAMELA M. FOLZ,
individually, jointly, and severally,**

    **Defendants.**
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND TO DISMISS LAWSUIT WITH PREJUDICE**

Plaintiff, MICHAEL DUNSAVAGE, on behalf of himself and all others similarly situated ("Plaintiff") and Defendant, ALOHA POOL SERVICES, INC., MICHAEL A. FOLZ, individually, and PAMELA M. FOLZ, individual, jointly, and severally ("Defendants"), by and through their respective undersigned counsel, hereby file this Joint Motion for Approval of Settlement Agreement and to Dismiss Lawsuit, and state the following in support:

**I.    STATEMENT OF FACTS**

Plaintiff filed a Complaint against the Defendants for violation of the FLSA. Defendants deny the allegations asserted in the Complaint.

Plaintiff filed a Motion for Conditional Certification, which Defendants opposed. Conditional certification was granted and notice went out, resulting in several individuals joining

1

the instant litigation. The Parties engaged in written discovery, and on September 22, 2020, participated in a settlement conference with this Honorable Court.

Notwithstanding the parties' disagreement over the legal and factual merits of the allegations, and the scope of any potential damages, the parties resolved the instant case at the settlement conference.

The parties subsequently drafted and executed Settlement Agreements that memorialize the monetary and non-monetary terms and conditions of the settlement. A copy of the fully executed Settlement Agreements are being submitted to this Court pursuant to ECF No. 65.

In accordance with the applicable requirements for settling a FLSA claim as well as the Court's instructions at the settlement conference, the parties hereby seek the Court's approval of the settlement that they have entered into to resolve their dispute in the instant action. The parties further stipulate to the dismissal of the instant action in its entirety, with prejudice, after the Court has reviewed and approved the Settlement Agreement, and request that this Court retain jurisdiction. *See, e.g., Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

## II.     ARGUMENT

Pursuant to the FLSA, claims for overtime compensation arising under the FLSA may only be settled or compromised with the approval of the district court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). To approve the settlement, the Court should determine that

the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.*

As discussed above, the parties dispute whether any liability exists in the instant action. Nonetheless, the parties have agreed to settle all of the claims in this dispute, and have executed Settlement Agreements. The parties agree that the amount of the wages payment being provided to Plaintiffs is fair and reasonable compromise of the disputes. Further, Plaintiffs are receiving an equal amount for liquidated damages. All parties ultimately agreed that it was better to resolve the dispute, rather than incur the additional time, cost, and risk of proceeding with the litigation.

Both sides worked in good faith to reach an amicable resolution at a fair and reasonable amount. The liquidated damages figure being provided to Plaintiffs match the same 1:1 recovery that Plaintiffs likely would have received, if they had prevailed on their claim, and so the parties assert that is fair and reasonable as well.

Plaintiffs are receiving a reasonable and satisfactory recovery of an agreed upon sum, plus payment of an amount of attorneys' fees and costs that was negotiated separately, and without regard to, the amount to be received by Plaintiffs to settle their FLSA claim. The parties agree that the amount of the attorneys' fees and costs being provided to Plaintiffs' counsel is fair and reasonable.

The terms of the Settlement Agreement are contingent upon approval by the Court. Thus, the parties respectfully request that the Court approve their settlement and issue an Order dismissing this action with prejudice, but retaining jurisdiction to enforce the Settlement Agreement entered into by the parties.

WHEREFORE, the parties respectfully request that the Court enter an Order approving the terms of the settlement of the instant action, and dismissing this action in its entirety, with prejudice, but retaining jurisdiction to enforce the Settlement Agreement entered into by the parties.

Dated this 21st day of October, 2020.

Respectfully submitted,

| Respectfully Submitted, | Respectfully submitted, |
|---|---|
| */s/ Noah E. Storch* | */s/ M. Daniel Hughes* |
| Noah E. Storch, Esq. | M. Daniel Hughes, Esq. |
| Florida Bar No. 0085476 | Florida Bar No.: 296147 |
| RICHARD CELLER LEGAL, P.A. | M. DANIEL HUGHES AND ASSOCIATES, P.A. |
| 10368 West State Road 84 | 3000 N. Federal Highway, Suite 200 |
| Suite 103 | Ft. Lauderdale, FL 33306 |
| Davie, Florida 33324 | Telephone: (954) 566-3390 |
| Telephone: (866) 344-9243 | Facsimile: (954) 561-1244 |
| Facsimile: (954) 337-277 | E-mail: **mdanielhughes@aol.com** |
| E-mail: **noah@floridaovertimelawyer.com** | *Counsel for Defendants* |
| *Counsel for Plaintiffs* | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of October, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all Counsel of Record.

*/s/ Noah E. Storch*
Noah E. Storch, Esq.