UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-62509-VALLE

<u>CONSENT CASE</u>

MICHAEL DUNSAVAGE,
DONALD TOMPKINS,
JAMES MILFORD,
ROBERT JARRETT,
and MYLES WOOD

    Plaintiffs,

v.

ALOHA POOL SERVICES, INCL,
MICHAEL A. FOLZ and PAMELA M.
FOLZ,

    Defendants.
_____/

**ORDER APPROVING SETTLEMENT
AGREEMENT AND DISMISSING CASE WITH PREJUDICE**

THIS MATTER is before the Court upon the parties' Joint Motion for Approval of Settlement Agreement and to Dismiss Action with Prejudice. (ECF No. 70). Pursuant to the parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment. *See* (ECF Nos. 63, 64).

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged violations of the statutory minimum wage and overtime provisions. *See* 29 U.S.C. § 201 *et seq*.; (ECF No. 1). On September 22, 2020, the parties settled the case during the settlement conference

before the undersigned.  (ECF No. 62).  On October 21, 2020, the instant motion followed. (ECF No. 70).

Before the Court can dismiss this case and approve a settlement of the FLSA claims, the court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.  *See Leverso v. S. Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).  In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

Here, the parties have submitted for Court approval one Settlement Agreement per Plaintiff (the "Settlement Agreements").  The Court has scrutinized the terms of the Settlement Agreements and considered the above factors, the overall strengths and weaknesses of the parties' respective positions, and the parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation.  The Court also considered that Plaintiffs' claims were disputed as to liability and amount and that all parties were represented by counsel.  Lastly, the Settlement Agreements specify the portion of the settlement amount to be paid to Plaintiffs and the amounts

designated for attorney's fees and costs.  Accordingly, the Court finds that the Settlement Agreements are a fair and reasonable resolution of a *bona fide* FLSA dispute.

In addition, the Court considered "the reasonableness of [Plaintiffs'] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009).  Having done so, the Court finds that the amount of the settlement proceeds attributable to Plaintiffs' counsel's legal fees is reasonable.

## CONCLUSION

Accordingly, for the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** as follows:

(i)   The Joint Motion for Approval of Settlement Agreement and to Dismiss Action with Prejudice (ECF No. 70) is **GRANTED** and the Settlement Agreements are **APPROVED**; and

(ii)   The case is **DISMISSED WITH PREJUDICE**;

(iii)   The Court retains jurisdiction for thirty (30) days from the date of this Order to enforce the Settlement Agreement.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Florida, on October 30, 2020.

*Alicia O. Valle*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  All Counsel of Record